Mayhew
*v.*
Norton.

---

LARNED PITCHER *versus* MILTON BARROWS *et al.*

Where a note is made by several persons payable to one of their own number, though payment cannot be enforced at law, as between the original parties, yet if it be indorsed to a third person, he may maintain an action upon it.

The registry of a deed assigning both real and personal estate, is not in itself constructive notice of the assignment of the personal estate.

Where notice of the dissolution of a partnership has not been published in a newspaper, or brought home to the knowledge of the party to be affected by it, evidence of the mere notoriety of the dissolution is not admissible to prove such notice.

ASSUMPSIT to recover the amount of a promissory note dated October 30, 1828, made by Pelatiah Metcalf, as agent of the Lanesville Manufacturing Company, for the sum of $908·16, payable to Walcott & Whipple, on demand, and indorsed to the plaintiff.

The trial was before *Morton* J.

It appeared, that the defendants, who were five in number, constituted a voluntary manufacturing association, transacting business under the firm of the Lanesville Manufacturing Com pany ; and that two of the defendants, Walcott & Whipple, were at the time when the note was made, copartners, under the firm of Walcott & Whipple.

On the part of the defendants, it was proved, that on June 15, 1829, Walcott, being then insolvent, executed a deed of assignment, conveying all his right, title and interest in all the real and personal property of both the partnerships, to Whip ple, who undertook, in consideration thereof, to pay all part

Pitcher
*v.*
Barrows.

nership debts. This deed of assignment was recorded in the registry of deeds.

The note in suit, at the time of the transfer, was in the custody of Walcott, unpaid, and was indorsed by him, after the assignment, with the partnership name of the payees. It appeared, that the plaintiff had indorsed a note for Walcott & Whipple in May, 1829, for the sum of $1000, payable in four months ; and the cashier of a bank testified, that before that note became due, he expressed his doubts as to the standing of Walcott & Whipple, to the plaintiff, and asked him if he was secure, and that the plaintiff replied affirmatively.

The defendants also proved, that they, having notice of the indorsement, paid the amount of the note to Whipple, and on December 19, 1829, received from him a discharge ; and that immediately thereafter, an advertisement of the loss of the note was published in one of the Providence newspapers, cautioning all persons against purchasing it.

The defendants contended, that Walcott, having parted with all his interest in the note and the effects of the firm of Walcott & Whipple, had no longer authority to negotiate the note by using the name of Walcott & Whipple ; and that the insolvency of Walcott and the assignment to Whipple, were in fact a dissolution of the partnership.

The defendants offered to prove, that immediately after the assignment of Walcott to Whipple was made, it was a matter of public notoriety in Pawtucket, where the plaintiff resided, that Walcott was insolvent, and had assigned to Whipple all his right, title and interest in the partnership property of Walcott & Whipple. This evidence was rejected.

The defendants were thereupon defaulted.

If this evidence ought to have been received, the default was to be taken off, and a new trial granted.

*Oct.* 20th.

*Coffin*, for the defendants, to the point, that the insolvency of Walcott and the assignment to Whipple being a dissolution of the partnership, Walcott had no authority to indorse notes given to the firm before the dissolution, cited *Lansing* v. *Gaine*, 2 Johns. R. 300 ; *Drayton* v. *Dale*, 2 Barn. & Cressw. 293 ; *Sanford* v. *Mickles*, 4 Johns. R. 224 ; *Thomason* v *Frere*, 10 East, 418 ; *Whitman* v. *Leonard*, 3 Pick. 177 *Griswold* v. *Waddington*, 16 Johns. R. 438

*Warren*, for the plaintiff, to the point, that the evidence as to the notoriety of the dissolution of the partnership of Walcott & Whipple was rightly rejected, cited *Goddard* v. *Pratt*, 16 Pick. 412 ; *Whitman* v. *Leonard*, 3 Pick. 177 ; 3 Stark. on Evid. 1080 ; *Gorham* v. *Thompson*, Peake's Cas. 42 ; *Godfrey* v. *Macauley*, Peake's Cas. 155, note ; *Ketcham* v. *Clark*, 6 Johns. R. 148, and note ; 13 Petersd. Abr. 209.

SHAW C. J. delivered the opinion of the Court. The note sued upon was made by five defendants, being a copartnership under the name of the Lanesville Manufacturing Company, to two of the same number, constituting a separate firm, under the name of Walcott & Whipple, payable to them or their order on demand.

After the plaintiff had indorsed a note for a large amount, for the accommodation of Walcott & Whipple, Walcott, one of that firm, indorsed the note in question to the plaintiff.

This constitutes a *primâ facie* title for the plaintiff. Though no question was made at the argument as to the original form of this contract, it may be proper to make a remark upon that subject. It was a promise by five, to pay to two of their own number or their order, and as an original contract, it could not be enforced at law, for the obvious reason, that the two promisees could not sue themselves as promisors, and the other three promisors were not liable without them. But this is a difficulty attending the remedy only, not the right, and when the note is indorsed by those having a right to indorse it, to one against whom there is no such exception, whereby he acquires a legal interest and right to sue in his own name, the difficulty vanishes. It is like a note payable to one's own order, which, though till indorsement not a good legal contract, becomes such by the indorsement.

But the defence to the action is, that in June 1829, Walcott, being insolvent, conveyed all his interest in the lands, stock in trade and partnership effects in both of the firms, to his partner Whipple, who undertook, in consideration thereof, to pay all partnership debts. It is contended, that this assignment constituted *de facto* a dissolution of the partnership, that by such dissolution and an assignment of all his interest in the *choses in action*, including the note in question, he had ceased

to have any legal authority to indorse the note, and that no interest in it passed by such indorsement, that the defendants afterwards, and after notice of such indorsement, paid the amount to Whipple, the other partner, and took his discharge. The note, at the time of the transfer, was in the custody of Walcott, unpaid, and as one of the firm to whom it was payable, he had originally an equal authority with the other partner to indorse it. Without deciding whether the assignment in question was *de facto* a dissolution of the partnership, but supposing that it was, we are of opinion, that whether it devested the power of Walcott to indorse a note to the plaintiff, and whether the plaintiff would be prevented by such dissolution from obtaining a title to the note by force of that indorsement, must depend upon the fact whether the plaintiff had actual or constructive notice of such dissolution. It is substantially a question between the plaintiff and the partner, Whipple, who claimed the exclusive right to obtain payment of the note. It is therefore within the ordinary principle of trusting, or giving credit to a partnership, after a dissolution in fact, by selling them goods, making contracts with them, or other dealings.

It is not contended that the plaintiff had actual notice of such dissolution, nor that any public notice thereof was advertised in any newspaper.

Two things are relied upon as evidence of constructive notice. The first is, that the deed of assignment was put upon record in the registry of deeds, and reference to that deed would have shown the assignment of the personal as well as the conveyance of the real estate. But we think this is not constructive notice, any further than the statute has made it so, to wit, of the transfer of real estate. The fact that the assignment of the personal estate was in the same deed with the real, was merely accidental. If the plaintiff had had occasion to take a deed of Walcott, of real estate, the registry would have been conclusive evidence of constructive notice, whether in fact he examined the registry or not. But if he had no occasion to take a conveyance of real estate, he had no occasion to examine the registry, and the law does not presume that he did do it. As to that part of its contents, relating to personal estate, there is no legal presumption that its contents were known to the plaintiff.

The defendants then offered evidence of notoriety in Pawtucket, where the plaintiff resided, that Walcott was insolvent and had assigned all his interest in the partnership effects to Whipple, immediately after the assignment was made, which evidence was rejected.

The question is, whether this was rightly rejected, and we are all of opinion that it was. The law has settled, and we think wisely settled, some rules upon this subject, calculated to secure good faith and fair dealing in similar cases. It is always easy for a firm, where a dissolution takes place, to give notice of such dissolution, and they are bound to do so, at the peril of being bound by the authority and credit, which they have given to each other, with the world, until such notice is given. It has sometimes been held, that those who have been dealers and customers of such firm shall have actual notice ; but that may be thought too strict. But it has always been held, that in default of actual and personal notice to a party, public notice in some newspaper shall be deemed necessary. Mere notoriety may exist, and yet the party dealing with such firm may not be acquainted with it ; and where it is in the power of one party, and his duty, to give public and explicit notice of a fact affecting the rights of others, and he does not do it, it ought not to be assumed upon doubtful grounds of presumption. It has therefore been held, that mere notoriety of a dissolution, not published, and the notice not brought home to the knowledge of a party to be affected by it, is not competent evidence upon which a jury can rightly infer notice of dissolution ; and such evidence was therefore rightly rejected.

*Judgment on the default.*